W. B. MEYER ET AL., APPELLEES, V. CITY OF ALMA ET AL., APPELLANTS.

FILED OCTOBER 19, 1928. No. 26119.

*O. E. Shelburn* and *J. F. Miller*, for appellants.

*Clarence A. Davis* and *Wilber S. Aten, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

GOSS, C. J.

The district court issued a mandatory injunction against the defendants to abate what it termed a nuisance in the form of a ditch on the public highway in front of the property of the plaintiffs. Defendants appealed.

The road in question is a part of the public highway and has existed for many years as a highway. It runs east and west on the section line between sections 28 and 29 on the north and sections 32 and 33 just north of the main part of Alma. A portion of the highway at least was referred to by one witness as Seventh street. For the most part it may be inferred from the evidence that the highway marks the northern boundary of the city. The city authorities were desirous to get the advantage of a paved highway to connect with the pavement of the

city. The highway was a part of what is commonly called the "Golden Rod Highway." The county authorities joined with the state and federal authorities to improve this road as a part of a state and federal aided highway known as project 71-E. Pursuant to plans and specifications prepared by the department of public works a contract was let to the Yant Construction Company of Omaha to grade and pave the road. The city of Alma, the county of Harlan and the department of public works of the state of Nebraska were parties to the contract. The city of Alma, it appears from the evidence, had a private agreement, not set forth in terms in the evidence, to pay to the county a portion of the cost of the project. Under the contract the original highway was regraded and the traveled way widened so as to accommodate a pavement 18 feet wide and an unpaved portion of the highway 10 feet immediately north of the pavement. Thirteen feet of this pavement was laid south of the section line and five feet of the pavement was laid north of that line. In order to furnish the dirt, a ditch or borrow pit was made just north of the improved highway or north of the north shoulder of the traveled part of the highway. This ditch thus created was 14 to 18 feet wide and in some places three or four feet deep. It is this ditch which caused the complaint of the plaintiffs. They complain that it is so deep that it carries water farther west than it was wont to go before the improvement was undertaken, that it will result in taking and damaging their land north of the limits of the highway and that it has rendered their lands and homes inaccessible by reason of the ditch created between the portion of the highway graded and paved for travel and the south fronts of the lands of the plaintiffs. There was some testimony that one of the bridges erected as a part of the project to connect the land of one of the plaintiffs with the grade was weakened so that threshing apparatus did not have safe access to his property. To this it might be answered that the injunction forbade the defendants to repair it.

There is evidence on behalf of the Yant Construction Company that it was through with the grading, paving and other work and had received its pay before this suit was brought. The damage, if any was done, occurred, or, if it is a continuing damage, it began, before action was taken by the plaintiffs. It is true that one of the witnesses for defendants said it was the purpose to smooth up the ditch by doing some back sloping before considering it a finished job. In a general way, it may be remarked that the plaintiffs stood by, saw the grading of the road, the excavation of the ditch to furnish dirt for such grading, and witnessed the laying of the pavement upon this important project in front of their lands and homes without a protest. They accepted and used bridges across the ditches to their respective homes.

It is true that section 21, art. I, of the state Constitution, provides: "The property of no person shall be taken or damaged for public use without just compensation therefor." It is also well established in our decisions that, before the land of an owner can be taken or damaged for public use, the value of the property to be taken or of the damages to be done shall be ascertained and provision made for payment thereof. But where, as in this case, the plaintiffs, with full knowledge of what was being done, delayed and neglected to assert their constitutional rights until the defendants had placed themselves in a position where they were unable to extricate themselves without greater injury and damage than the plaintiffs would suffer, the hard and fast remedy by injunction ought not to be enforced in favor of the plaintiffs. Equity and good conscience will not permit a person to stand by and see acts done involving risk and expense by others and then permit him to enforce his constitutional rights by means of injunction in a court of equity when he has an adequate remedy at law. *Enterprise Irrigation District v. Tri-State Land Co.*, 92 Neb. 121; *Fremont Ferry & Bridge Co. v. Dodge County*, 6 Neb. 18; *Clark v. Cambridge & Arapahoe Irrigation & Improvement Co.*, 45 Neb. 798; *City of Chad-*

*ron v. Card,* 107 Neb. 376; *New York City v. Pine,* 185 U. S. 93; 14 R. C. L. 362, sec. 63. The inconvenience to the public and the unnecessary expense to the city of Alma and the county of Harlan, if the injunction should be allowed to stand, outweigh the right of the plaintiffs to insist upon a choice of remedies. By their conduct they have waived such choice.

We are of the opinion that the trial court erred in entering a decree of injunction under the pleadings and proofs and that it should have dismissed the petition for injunction without prejudice to the rights of the plaintiffs to pursue their remedy at law for such damages, if any, as they have suffered by the alleged taking of their property or the damaging thereof by the construction of the road and ditch.

The judgment of the district court is reversed and the cause is remanded, with directions to enter a judgment in harmony with the opinion as above expressed.

REVERSED.