ARLINGTON OIL COMPANY ET AL., PLAINTIFFS, V. GEORGE E. HALL, TREASURER, ET AL., DEFENDANTS.

FILED APRIL 4, 1936. No. 29739.

*Lee Bayse, Stewart, Stewart & Whitworth* and *Charles B. Paine,* for plaintiffs.

*William H. Wright, Attorney General,* and *Milton C. Murphy,* for defendants.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and CARTER, JJ.

GOSS, C. J.

This is an original action in this court for a declaratory judgment. The authority for such judgments is found in sections 20-21,140 to 20-21,155, Comp. St. 1929.

Plaintiffs are four dealers in gasoline. Defendants are the state treasurer, who has the custody of state money, and the secretary of the department of agriculture and inspection, one of whose duties is to collect state taxes on motor vehicle fuels.

Plaintiffs seek a decree declaring House Rolls Nos. 11 and 37, Laws 1935 (Special Session) chs. 18, 19, unconstitutional and void and declaring the funds raised by the one-cent special gasoline tax between March 1, 1935, and September 20, 1935, to be held in trust for plaintiffs and others similarly situated; and declaring that plaintiffs are entitled to a return by defendants of the respective amounts of the tax paid by plaintiffs. The tax was collected by defendants under Senate File No. 363 (Laws 1935, ch. 155) and House Roll No. 432 (Laws 1935, ch. 161), which were held by this court to be unconstitutional and void. *Smithberger v. Banning*, 129 Neb. 651, 262 N. W. 492, 100 A. L. R. 686. The opinion was released September 20, 1935, and the judgment was entered the same day. Thereupon defendants ceased to collect the additional tax on gasoline. Plaintiffs allege that defendants had collected about $1,000,000 which they now hold intact and separate from other funds and refuse to return to plaintiffs and others who paid it.

House Rolls Nos. 11 and 37, passed with emergency clauses, were approved by the governor on November 9 and 26, 1935, respectively. The first act provides for an additional tax of one cent a gallon on motor vehicle fuels from March 1, 1935, to September 20, 1935, and further provides that, if the one-cent tax has been paid, the act shall be deemed to have been obeyed. The second act provides that the one-cent tax shall become the property of and vest in the state and shall be subject to appropriation and use by the state, notwithstanding the unconstitutionality of the acts under which the tax was collected, and ratifies, confirms and validates all acts of officers, agents and employees in reference to collection and payment.

The allegations of the petition, except as to House Rolls Nos. 11 and 37, are about the same as those of intervener Stover, in *Smithberger v. Banning, ante,* p. 354, 265 N. W. 10, which is the same as the former one of the same title. It came before the court again on a motion of defendants to dismiss certain petitions of intervention. In that case, on February 1, 1936, the court dismissed the petition of

intervener Stover, who, like plaintiffs here, was a dealer, and dismissed another petition of another intervener which was not a dealer but a mere association of dealers; the court further refused to render a declaratory judgment because, if rendered, it "would not terminate the uncertainty or controversy giving rise to the proceeding," quoting the whole of section 20-21,145, Comp. St. 1929, as authority, and making it the syllabus of the opinion. That section reads as follows: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." The court also cited and applied the doctrine of *Monteith v. Alpha High School District*, 125 Neb. 665, 251 N. W. 661. The syllabus of that opinion says:

"A suit cannot be maintained by one taxpayer on behalf of himself and others similarly situated, to recover back taxes alleged to have been illegally assessed, on the ground that the taxes were involuntarily paid by each. In such case, each must bring the action on his own behalf. * * *

"In the absence of statute, taxes voluntarily paid cannot be recovered back. When a tax imposed is illegal and unauthorized for any purpose, an original action may be brought to recover the tax only by virtue of statutory or constitutional authority."

We are entirely satisfied with the reasoning of the opinion on the motion to dismiss and on the refusal of the court to render a declaratory judgment in *Smithberger v. Banning, ante,* p. 354, 265 N. W. 10. For the further reasoning in that case, reference is made to it without repeating it here. Here as there, all the real persons in interest are not made parties; even the amounts due or claimed to be due the individual plaintiffs are not stated; and the ultimate consumers of gasoline, or at least some of them, ought to be heard, "on the ground that some designated necessary party or parties should have been heard, not only for the information of the court but because such a party might be affected by, even though not bound by, the decision; and in

so conclusive a proceeding it would be neither just nor proper to render a judgment without hearing and binding such interested person. Any suggestion, of course, that interested parties could be bound by a judgment in a proceeding to which they were not parties served, with opportunity to be heard, would encounter constitutional objections." Borchard, Declaratory Judgments, 104-106.

Not only because of the confusion and uncertainty that apparently would follow our retaining jurisdiction and entering personal judgments for plaintiffs, but in the exercise of the discretion committed to us by the statute, we are of the opinion we ought to refuse to enter a declaratory judgment or decree in this suit.

It is therefore ordered that defendants' motion to dismiss the petition be and the same is hereby sustained, without prejudice to further action or actions.

MOTION TO DISMISS SUSTAINED.