ARTHUR J. ZARYBNICKY ET AL., APPELLANTS, V. COUNTY OF GAGE, STATE OF NEBRASKA, APPELLEE.

241 N. W. 2d 834

Filed May 19, 1976. No. 40392.

Ernest A. Hubka and Joseph Ginsburg, for appellants.

Everson, Noble, Willschleger, Sutter & Fischer, for appellee.

Heard before SPENCER, BOSLAUGH, and CLINTON, JJ., and FAHRNBRUCH and GRANT, District Judges.

CLINTON, J.

This is an action for declaratory judgment in which the plaintiffs-appellants, Zarybnicky, owners of certain real estate, seek to have determined the effect of eminent domain proceedings taken by appellee County of Gage to acquire title to a tract of real estate owned by the Zarybnickys. The Zarybnickys ask that the District Court determine that the condemner has abandoned the proceedings by having failed to comply with that part of section 76-711, R. R. S. 1943, which provides: "The condemner shall have sixty days from the date of the award of the appraisers to deposit with the county judge the amount of the award or the proceeding will be considered as abandoned." The District Court determined the proceeding had not been abandoned and

the Zarybnickys appealed. We determine for reasons we hereafter set forth that the matter should not have been determined in the declaratory judgment action and reverse and direct dismissal.

The essential facts as shown by the record are: The condemner filed its petition for appointment of appraisers with the county judge on January 31, 1974. Appraisers were duly summoned, appointed, took their oaths, and on March 18, 1974, made their return, awarding damages to the Zarybnickys in the sum of $2,400. On March 15, 1974 (the parties attach no significance to the fact the warrant is dated before the award was filed), the condemner, County of Gage, drew a warrant in the sum of $2,400, payable to the Zarybnickys and on the same day delivered the warrant to the county judge who issued a receipt therefore. Apparently neither the county judge nor any member of his staff noted that the Zarybnickys were the payees of the warrant and on March 20, 1974, or thereabouts, the county judge listed the warrant on a deposit slip and deposited it along with checks and currency in the checking account of Gage County court in the Beatrice National Bank and Trust Company. On his own records the county judge had, on March 15, 1974, opened a ledger in the matter of Gage County v. Zarybnicky and made an entry showing receipt of the sum of $2,400. On March 22, 1974, the bank remitted the warrant to the county treasurer for payment. The treasurer refused to pay the warrant because it lacked endorsement by the payees, returned the warrant to the bank, and notified it of the reason for refusal to pay. On March 22, 1974, the bank denied the county judge credit for the warrant, returned the warrant to the county, and debited the checking account of the county judge for the $2,400 it had previously credited. On March 27, 1974, a member of the staff of the county judge marked void the copy of the receipt it had issued to the county for the warrant. An attempt to recover the original of the receipt from the

county official to whom it was delivered was unsuccessful.

The County of Gage, in the meantime, took possession of the property which was the subject of the eminent domain proceedings. The record, however, does not show whether or not it constructed thereon the bridge project for which purpose it was acquiring the property.

On March 29, 1974, the warrant apparently reached the county clerk and he marked it "Cancelled 3-29-74." At the time of the issuance of the warrant and at all times thereafter the county had funds available to pay the warrant or any substitute warrant which might have been issued. On August 9, 1974, the county board of supervisors, whose members had signed the warrant, passed a motion that the "Holmesville bridge" project be abandoned and to " 'instruct the County Attorney to dismiss the condemnation proceeding.' " What, if any, action was taken pursuant to this motion the record does not show. However, since the county contests the Zarybnickys' claim in this case, it appears it is intent on finalizing the acquisition.

On April 4, 1975, the county judge filed with the county a claim for the Zarybnicky award, that claim was allowed, and a warrant payable to the county judge was issued under date of April 8, 1975. The county judge, on April 9, 1975, entered the amount thereof in the ledger in the matter of County of Gage v. Zarybnicky. The warrant was in due course paid and the county judge at all times since has had on deposit the amount of the award.

The record is completely devoid of any explanation as to why, after the warrant of March 15, 1974, was canceled on March 29, 1974, a new warrant payable to the county judge was not issued within the remaining days of the 60-day period provided by section 76-711, R. R. S. 1943.

The District Court held that the delivery to the county judge of the original warrant payable to the Zarybnickys

was in full compliance with the provisions of section 76-711, R. R. S. 1943; that the county judge acts only ministerially in eminent domain proceedings and had a duty to hold the warrant or its proceeds as a " 'deposit of . . . award' "; that the loose and incomplete use of the warrant does not void the binding effect of the deposit; and that the eminent domain proceedings had not been abandoned by the condemner.

Section 76-711, R. R. S. 1943, provides in part as follows: "The condemner shall not acquire any interest in or right to possession of the property condemned until he has deposited with the county judge for the use of the condemnee the amount of the condemnation award in effect at the time the deposit is made. The condemner shall have sixty days from the date of the award of the appraisers to deposit with the county judge the amount of the award or the proceeding will be considered as abandoned. When the amount of the award is deposited with the county judge by the condemner, the condemner will be deemed to have accepted the award, unless he gives notice of appeal from the award of the appraisers pursuant to section 76-715." Section 76-712, R. R. S. 1943, provides in part: "Upon deposit of the condemnation award the county judge shall prepare and certify under his seal of office a true copy thereof, and shall transmit the same to the register of deeds of the county where any real estate or interest therein is condemned . . . ." Section 76-713, R. R. S. 1943, provides: "The register of deeds shall record and index the certified copy of the condemnation award in the same manner as is provided for the recording of deeds in this state. The county clerk shall file a copy of the same when only personal property is concerned in the same manner as is provided for the filing of chattel mortgages. Such recording and filing shall have like force and effect as the recording of deeds or filing of chattel mortgages." Section 76-714, R. R. S. 1943, provides: "The interest in the property acquired by the condemner shall be such

title, easement, right-of-way, or use as is expressly specified in or necessarily contemplated by the law granting to the condemner the right to exercise the power of eminent domain. The condemner shall not dispossess the condemnee until the condemner is ready to devote the property to a public use, and such title or interest as the condemner seeks to acquire shall not be complete until the property is put to the public use for which taken."

Except as indicated by our previous recital of the evidence, the record does not show whether the provisions of the above statutes have been complied with.

We have said that a declaratory judgment action "is not a substitute for new trial or appeal, nor does it operate to supersede former adjudications *or proper proceedings already pending in a court*." (Emphasis supplied.) Phelps County v. City of Holdrege, 133 Neb. 139, 274 N. W. 483. Section 25-21,154, R. R. S. 1943, provides: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." See, also, Arlington Oil Co. v. Hall, 130 Neb. 674, 266 N. W. 583; Custer Public Power Dist. v. Loup River Public Power Dist., 162 Neb. 300, 75 N. W. 2d 619; Scudder v. County of Buffalo, 170 Neb. 293, 102 N. W. 2d 447. In Custer Public Power Dist. v. Loup River Public Power Dist., *supra,* we said: " 'Jurisdiction should be assumed only where the court is satisfied that . . . the declaration sought will be a practical help in ending the controversy or in stabilizing disputed legal relations under the facts alleged and proved,' " quoting from Graham v. Beauchamp, 154 Neb. 889, 50 N. W. 2d 104. In Scudder v. County of Buffalo, *supra,* we said: "Ordinarily an action for a declaratory judgment will not be entertained where another equally serviceable remedy has been provided by law."

In this case the Zarybnickys have not demonstrated

on the record that the declaration they seek will be a practical help in ending the controversy. It appears there is a pending eminent domain proceeding in which may be determined the issue of whether the county's "deposit" complied with the requirements of section 76-711, R. R. S. 1943, and if it did not comply, there may be determined in that action what the effect thereof shall be under all the material facts.

An appeal to the District Court from the award of the appraisers appointed by the county court contemplates the filing of pleadings and the framing of issues in a judicial proceeding in the District Court. Jensen v. Omaha Public Power Dist., 159 Neb. 277, 66 N. W. 2d 591. Whatever defensive issues the condemnees have may be there raised and if established their effect determined under all the material facts. See Grace Land & Cattle Co. v. Tri-State G. & T. Assn., Inc., 191 Neb. 663, 217 N. W. 2d 184.

If the contemplated improvements have been made by the condemner pursuant to deficient eminent domain proceedings, then it may be, depending upon the facts, that the condemnees are required to rely upon their remedy at law for damages. Meyer v. City of Alma, 117 Neb. 511, 221 N. W. 438. Under other facts it may be that the condemner will have to commence eminent domain proceedings anew, which it apparently may do, since section 76-711, R. R. S. 1943, provides that after abandonment new proceedings may be begun where more than 2 years have elapsed from the date of the abandonment. The record indicates that 2 years have elapsed in this case.

It thus appears that whatever the facts may be the condemnees' rights can be determined in the eminent domain proceeding now pending. Any declaration of rights in this case, in what amounts to a collateral attack on a particular facet of the existing eminent domain proceeding, would be a mere exercise in futility and would not with certainty resolve the controversy.

The District Court should have declined to make the declaration and left the matter for determination in the eminent domain proceeding.

Each party shall pay his own costs.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.