CAELI ASSOCIATES, INC., A NEBRASKA CORPORATION, APPELLANT, V. FIRESTONE TIRE & RUBBER COMPANY, AN OHIO CORPORATION, APPELLEE.

415 N.W.2d 116

Filed November 6, 1987.   No. 86-033.

Frank Meares, for appellant.

Jon S. Reid of Kennedy, Holland, DeLacy & Svoboda, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.
Appellant landlord, Caeli Associates, Inc., a Nebraska corporation, brought an action pursuant to the provisions of Neb. Rev. Stat. §§ 25-21,149 et seq. (Reissue 1985), seeking a declaration that appellee tenant, Firestone Tire & Rubber Company, an Ohio corporation, had breached the terms of the lease under which it occupied property owned by Caeli, and should therefore vacate the premises. The trial judge, sitting without a jury, dismissed Caeli's petition, and this appeal followed. For the reasons discussed hereinafter, we affirm.

We begin by calling attention to the fact that, ordinarily, an action for declaratory judgment will not be entertained where another equally serviceable remedy has been provided by law,

*Zarybnicky v. County of Gage*, 196 Neb. 210, 241 N.W.2d 834 (1976), and that the availability of another remedy is a factor bearing upon the exercise of a trial court's decision as to whether to entertain an action for declaratory relief, *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986). It would seem that either a proceeding for forcible entry and detainer under the provisions of Neb. Rev. Stat. §§ 24-568 et seq. (Reissue 1985) or one for breach of contract is a remedy which is at least as serviceable as is this action for declaratory judgment. Thus, we question the propriety of the present action. However, as Firestone has not complained of the remedy sought by Caeli, we elect in this instance to review the issues presented by Caeli's assignments of error, which are that the trial judge erred in finding that Firestone did not breach the lease by (1) defeating the percentage rental provision, (2) rendering the demised building unsafe, (3) diminishing the value of the leasehold, and (4) making certain unauthorized alterations and engaging in other prohibited conduct, and that the district judge further erred by (5) finding that Caeli had waived the right to complain of certain alterations made by Firestone.

Before we can proceed further with our task, we must determine the scope of our review. A declaratory judgment action is sui generis, and whether it is to be treated as one at law or in equity is to be determined by the nature of the dispute. *Boren v. State Farm Mut. Auto. Ins. Co.*, 225 Neb. 503, 406 N.W.2d 640 (1987). The dispute before us concerns whether Firestone has forfeited its right to detain, that is, keep possession of, the demised premises by virtue of having violated certain lease provisions. Thus, the dispute takes on the character of an action for breach of the lease, a type of contract. As such, the present action is to be treated as one at law. *Washington Heights Co. v. Frazier, ante* p. 127, 409 N.W.2d 612 (1987); *Occidental S. & L. v. Bell Fed. Credit Union*, 218 Neb. 519, 357 N.W.2d 198 (1984).

The premises in question are located on the northeast corner of 60th Street and Ames Avenue in Omaha and are a part of what used to be a grocery store. Caeli leased the premises to Firestone for a term of 20 years beginning August 1, 1968, with

four 5-year extension options. The lease provides that Firestone would use the premises

> for the principal purpose of conducting a business for the sale and installation of tires, oil, and any and all home and automobile supplies and furnishings, toys, gardening and recreational goods, tire repairing, vulcanizing, and for general automotive service station, for a general retail business similar to that conducted on a national scale by other stores (which shall primarily engage in the business defined in this Section 6) of TENANT, and for such other uses as may be incidental thereto, including, without limitation, incidental wholesale sales, and for no other purpose or purposes.

Before Firestone took occupancy of the premises, Caeli, pursuant to agreement, made several improvements in order to house the Firestone business. The premises were expanded, and part of the former grocery store was remodeled into a showroom. Along with other modifications to the building, many electrical outlets and a platform were added to the retail sales area, and a wheel alignment pit was installed, along with a vent for an underground oil storage tank.

Caeli first urges that Firestone breached the lease by defeating the percentage rental provision of the lease. Section 7 of the lease provides for a base rental of $16,800 per year, or $1,400 per month. Section 8 of the lease provides for a contingent additional rental in the amount the sum of $3^{1}/_{2}$ percent of Firestone's annual net retail sales plus 1 percent each of any annual net commercial and wholesale sales exceeds the total of the minimum guaranteed rental plus certain tax reimbursements made by Firestone. Caeli acknowledges by the terms of said section that Firestone "made no representation of any kind as to minimum or maximum annual volume of retail, commercial, and wholesale sales which [it] may or shall make [in] any lease year during the term of this lease."

Caeli asserts that Firestone misrepresented the profits it would realize, that Caeli relied upon those misrepresentations, and that, indeed, Firestone deliberately kept its sales low in order to prevent triggering the contingent percentage rental provisions of the lease. The first assignment of error fails not

only because Caeli did not plead a fraud action, but because there is no evidence that Firestone engaged in such a bizarre business practice as refusing to make sales simply because its landlord would share in the increased profits such sales would produce. While it is true that Firestone removed itself from the appliance business throughout the nation, it does not follow, and the record does not establish, that such action was taken to deliberately keep from paying Caeli any additional rent.

Caeli next claims the trial judge erred in failing to find Firestone breached the lease by rendering the building unsafe in violation of the requirements of section 17 of the lease. That section provides in part that Firestone "shall comply with all ordinances and regulations of government authorities relating to keeping the premises in an orderly condition and relating to the method of conducting [its] business thereon."

Firestone installed a wheel alignment computer by welding it to some joists. It also installed an engine analyzer by drilling holes through some of the joists. Caeli's expert witness concluded that as the result of those installations the entire roof assembly had been weakened to the point that it was in danger of collapse. On the other hand, Firestone's expert testified that although there could be a slight overstress of the roof structure when under a live load, the roof so stressed was still within the required safety range and that the installation of the units in question had not caused any structural damage to the building.

In an action at law tried without a jury, it is not the role of this court to resolve conflicts in or reweigh the evidence; rather, we presume that the trial judge resolved any controverted facts in favor of the successful party, and will consider the evidence and permissible inferences therefrom most favorably to that party. *Washington Heights Co. v. Frazier, ante* p. 127, 409 N.W.2d 612 (1987). Moreover, in such actions the findings and conclusions of the trial judge have the effect of a jury verdict and will not be set aside on appeal to this court unless they are clearly wrong. *Washington Heights Co. v. Frazier, supra.* Thus, under the state of the evidence it cannot be said the trial judge was clearly wrong in finding that Firestone had not rendered the demised premises unsafe.

The third assignment of error rests on section 21 of the lease,

which provides in part that any alterations made to the premises by Firestone must not "diminish the value of the then existing improvements." Caeli's representative testified that without the Firestone lease the premises would have a value of $840,000; however, because Firestone produces limited income, the lease reduces the value of the demised premises to between $250,000 and $275,000. Caeli also claimed that Firestone's removal of the wheel alignment pit and replacing it with other, more modern equipment reduced the value of the premises. That evidence falls short of the proof required by the lease, as the reduction in value is tied, at least in part, to the income produced by the lease rather than to alterations made by Firestone. Additionally, another witness testified that the alterations made by Firestone had no effect on the value of the premises; that in fact, depending upon the subsequent use made of the premises, removal of the wheel alignment pit could increase the value of the premises. On that state of the record it cannot be said the trial judge was clearly wrong in finding that there had been no diminution in the value of the premises as a result of Firestone's conduct.

The fourth assignment of error urges the trial judge erred in failing to find that Firestone breached the lease by making certain unauthorized alterations and by engaging in other prohibited conduct.

The first claim again rests on section 21 of the lease, which empowers Firestone to, at its expense, make alterations to the interior of the building as, in Firestone's opinion, may be reasonably necessary or desirable, provided that it obtain Caeli's approval, which approval Caeli may not unreasonably withhold.

Caeli complains that Firestone, without Caeli's permission, replaced the underground oil storage tank located outside the building in such a way as to permit water to accumulate around the tank and seep onto and damage the footings, erected a partition which increased Firestone's warehouse space and decreased its retail sales area, and spent $9,200 in remodeling and repainting portions of the demised premises.

Caeli also asserts that Firestone erected and removed certain signs without Caeli's permission in violation of section 16 of the

lease, which provides that Firestone

> may erect such signs, with right of repairing and replacing when necessary, as shown on attached Exhibits. Said signs shall conform to city ordinances or the requirements of any other governmental authority having jurisdiction. [Firestone] may also erect such other signs as it may desire from time to time provided [Caeli's] prior written consent shall be first obtained, which consent shall not be unreasonably withheld.

Caeli claims that two signs were removed and one installed without permission and that damage was done to the roof in the process.

A witness called by Firestone testified that there were no cracks in the building, and, thus, the trial judge could find that the footings had not been damaged. While there was evidence that Caeli repaired the roof on more than one occasion upon Firestone's request, there is no direct evidence that the repairs were necessitated by the placement or removal of signs. Neither does the evidence provide any basis on which Caeli could reasonably have withheld its approval to the remodeling and repainting done by Firestone.

Caeli also complains that Firestone failed to pay a $461 charge for parking lot repair. The evidence does not establish that Firestone has any legal obligation to pay for the parking lot repair, notwithstanding the fact that it had voluntarily paid similar such charges in the past.

Once again, we cannot say the trial judge was clearly wrong in finding that Caeli's claims, even if considered proved, did not constitute material breaches of the lease.

Since the first four assignments of error are without merit, it necessarily follows that the fifth assignment is also meritless. In the absence of a statute or an express and distinct contract provision requiring otherwise, a forfeiture of a lease may be declared only where a breach is so material and substantial as to defeat the objects of the parties in making the contract. See *Olson v. Pedersen*, 194 Neb. 159, 231 N.W.2d 310 (1975). The lease in question contains no provision for a forfeiture under the circumstances proved.

The judgment of the district court is affirmed.

AFFIRMED.