ARTHUR A. DOBSON ET AL., APPELLANTS, V. OCEAN ACCIDENT & GUARANTEE CORPORATION, LTD., APPELLEE.

FILED APRIL 7, 1933. No. 28480.

*Woods, Woods & Aitken,* for appellants.

*Kennedy, Holland & De Lacy, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

From an adverse decision, in an action for a declaratory judgment, the plaintiffs have appealed.

The following pertinent facts appear from the record: January 10, 1926, a policy of insurance, running for a period of one year, was issued to plaintiffs by defendant, wherein, respecting plaintiffs' liability for personal injuries, including death at any time resulting therefrom, the company agreed "To insure the assured against loss by reason of the liability imposed by law upon the assured for damages on account of such injuries, and to pay and satisfy judgments finally establishing assured's liability in actions defended by the company, all subject to the limits expressed in paragraph 9 of the declarations." During the life of the policy John Campbell met his death as a result of falling into an open, unguarded trench, excavated by plaintiffs in a street in the city of Gillespie, Illinois. The trench was excavated by plaintiffs in performance of a contract with said city for the construction of a sewer.

In May, 1926, an action was begun in the circuit court of Macoupin county, Illinois, by the administratrix of the estate of said Campbell against the city of Gillespie, to recover against said city for negligently causing the death of Campbell. Plaintiffs herein were not made parties to that action. The ground alleged for the recovery of damages was the negligence of the city. No negligent act of the contractors, plaintiffs herein, was alleged in that action. Plaintiffs were notified of the action, and they, in turn, notified defendant, and requested it to defend said action. Defendant did not appear or defend in that action, on the ground that no judgment was sought against the plaintiffs herein, and no negligence of theirs was alleged. In that action the administratrix recovered a judgment against the city of Gillespie, only a small part of which has been paid by the city. The city is now threatening to bring action against plaintiffs, on the ground, as it claims, that the plaintiffs are liable to the city, under its contract, for the loss the city has sustained or will sustain by reason of the judgment recovered by the administratrix of Campbell, deceased. Plaintiffs sought a declaratory judgment, determining that, if they were liable under their contract to the city of Gillespie, such liability was one imposed by law, and that the policy of insurance, issued by defendant to plaintiffs, protected them from loss arising from such liability.

Section 6 of the uniform declaratory judgments act, being section 20-21,145, Comp. St. 1929, reads as follows: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

In *Lynn v. Kearney County*, 121 Neb. 122, this court held: "Declaratory judgments act examined, and *held* to be applicable to actions wherein there is an actual controversy, and where only justiciable issues are presented by proper parties. So construed, the act does not confer on the courts nonjudicial powers."

The questions, then, presented for our determination are whether the judgment, as sought by plaintiffs, if rendered, would terminate the uncertainty or controversy giving rise to the proceeding; and are justiciable issues in an actual controversy presented by proper parties? Unless both propositions are answered in the affirmative, plaintiffs are not entitled to the relief demanded.

It is clear that the trial court in this case had no jurisdiction to determine any controversy between plaintiffs and the city of Gillespie, because the city is not a party to this action. No judgment rendered by this court would be binding upon the city, and if not binding upon the city, neither would it be binding upon the plaintiffs with respect to any liability claimed against them by the city. Hence, it follows that, had the trial court attempted to render a judgment in conformity with the prayer of plaintiffs' petition, it would not terminate the uncertainty or controversy.

The policy of insurance, the provision of which plaintiffs seek to have construed, has long since terminated, and there is no claim of any other possible liability, except that growing out of the accident resulting in the death of Campbell. Any attempt to construe the policy, except with respect to that possible liability, would not present any justiciable issue. There would be no actual legal controversy. True, there might be a difference of opinion as to the proper construction of the provision of the policy. The declaratory judgments act, however, does not undertake to decide or declare the right or status of parties upon a state of facts which is future, contingent or uncertain. *Tanner v. Boynton Lumber Co.*, 98 N. J. Eq. 85.

In *Washington-Detroit Theatre Co. v. Moore*, 249 Mich. 673, the supreme court of Michigan, in speaking of the declaratory judgments act, said (p. 676): "That the present act does not constitute a court a fountain of legal advice to fill the cups of loitering wayfarers is also amply sustained by judicial opinion." In that case it

was also said (p. 677): "There must be an actual and *bona fide* controversy as to which the judgment will be *res adjudicata*. Such a case requires that all the interested parties shall be before the court. * * * The court will not decide as to future rights but will wait until the event has happened, unless special considerations otherwise require."

We are of the opinion that the present record does not present a case where there are justiciable issues arising out of an actual, present controversy; nor are all parties, necessary to a determination of the question, before the court.

The judgment of the trial court denying relief to plaintiffs is right and is

AFFIRMED.