KIRK MILLER ET AL., APPELLANTS, V. JOSEPH STOLINSKI, COUNTY ASSESSOR OF DOUGLAS COUNTY, ET AL., APPELLEES.

32 N. W. 2d 199

Filed May 7, 1948.    No. 32437.

Thomas P. Leary, for appellants.

James J. Fitzgerald and Ephraim L. Marks, for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

This is a suit for a declaratory judgment to test the constitutionality of the Nebraska Community Property Act. The trial court sustained a demurrer to the amended petition and the plaintiffs appeal.

The Nebraska Community Property Act is found as Laws 1947, c. 156, p. 426, and as sections 42-601 to 42-616, R. S. Supp., 1947. It became effective September 7, 1947.

The amended petition was filed December 9, 1947, by a husband and wife against the county assessor and the county treasurer of Douglas County. The plaintiffs alleged that the husband had on deposit in an Omaha bank the sum of $100 in his own name; that $93.75 of this sum was earned by him after September 7, 1947, and the remaining $6.25 of said deposit was received by him after September 7 as interest on bonds which are his separate property. Plaintiffs alleged that they must list this $100 of personal property for taxation as Class A intangible personal property before April 20, 1948; that by virtue of the Nebraska Community Property Act the plaintiff wife is vested with a one-half interest in this property acquired by her husband, and the plaintiff wife alleged that said Community Property Act is unconstitutional, void, and of no force and effect.

The plaintiff husband admitted his liability to taxation as to one-half of said $100 of said bank deposit, but was in great doubt and uncertainty as to his liability to pay the tax on the remaining half of said deposit. He al-

leged that if the community property law is constitutional he must pay the tax on his wife's share and retain a lien for such payment on the half of the $100 deposit in which he is deprived of a vested interest, in which case the wife's property will be subjected to a lien in favor of the husband; that if the community property law is unconstitutional the husband must pay the tax on the whole $100, it being his separate property, according to the laws of the State of Nebraska prior to September 7, 1947; that false listing of property for taxation is a misdemeanor and would subject him to a maximum fine of $2,000 and a possible prosecution for perjury in case he makes a false oath.

It was also alleged that all married persons in Nebraska owning property occupied a similar position and should not be required to list their property for taxation while there is a doubt remaining as to who is the owner of said property; that this action was brought under the Uniform Declaratory Judgments Act; that plaintiff had no remedy, at law or in equity, so adequate, speedy, complete, or serviceable as that afforded by a judgment which would remove all doubt and uncertainty, and prevent a multiplicity of suits; that said community property law was unconstitutional and void and violated the Constitution of the United States and the Constitution of the State of Nebraska, as it impaired the obligations of contracts, violated the due process clause, abridged the privileges and immunities of plaintiffs in their private separate property, amended the present laws of Nebraska without containing the section or sections as amended and repealing them, constituted an unlawful exercise of power by the Legislature in transferring a vested interest in property from one individual to another without a judicial hearing, and that its provisions were so indefinite, ambiguous, uncertain, incomplete, and inconsistent as to be incapable of rational interpretation or judicial enforcement. The plaintiffs prayed for a declaratory judgment as to the rights

of the parties and a declaratory judgment declaring the community property law unconstitutional and void.

To this amended petition the defendants demurred on the ground that there was an improper joinder of parties plaintiff and an improper joinder of parties defendant, and that the amended petition did not state facts sufficient to constitute a cause of action against defendants and in favor of plaintiffs.

These pleadings having been submitted to the court, an order was entered January 24, 1948, sustaining said demurrer. The plaintiffs electing to stand on their amended petition, the court dismissed the cause of action at costs of plaintiffs.

Plaintiffs appealed from said order. Their one assignment of error alleged that the court erred in sustaining the defendants' demurrer and dismissing the action.

As this record presents to the court an attempt to test the constitutionality of the Community Property Act by a declaratory judgment of this court, we must examine whether or not allegations of the amended petition meet the requirements necessary to bring such an action before this court for determination.

The plaintiffs first rely on an opinion of this court in a case brought as an original action, leave being granted to bring the same against the State Tax Commissioner. We held that, if any taxpayer had an actual justiciable controversy, with justiciable issues between proper parties affecting his legal right under any Nebraska law, the Declaratory Judgments Act was applicable. See Moeller, McPherrin & Judd v. Smith, 127 Neb. 424, 255 N. W. 551. In that opinion, an act was held invalid as it attempted to classify as tangible property which was intangible in fact and in truth.

In the case just cited, there was a justiciable issue presented between taxpayers, on the one hand, and the State Tax Commissioner, who was charged by law with the duty of enforcing the provisions of a new tax law.

The plaintiffs call our attention also to the opinion

in Acme Finance Co. v. Huse, 192 Wash. 96, 73 P. 2d 341, 114 A. L. R. 1345, in which a demurrer was overruled to a petition for a declaratory judgment. In this case, involving a new law for licensing the small-loan business, the director of licenses and the Attorney General were made defendants, so there was no question but that the defendants were the proper parties.

Now let us examine the case at bar. The defendants are the county assessor and county treasurer. One is charged with the duty of assessing both tangible and intangible property in his county, with the assistance of the register of deeds, county clerk, county judge, and all other county officers (section 77-1313, R. S. 1943), while the county treasurer collects all taxes as per tax lists he receives from the county clerk for the property in his county. The defendants contend that they have no duties to perform or responsibilities to discharge in connection with the Community Property Act; that whether said act is held constitutional or unconstitutional will not affect by one penny the value of the taxable property or the amount of tax revenue in their county. Therefore, the defendants claim they have no interest whatever in either upholding the act or having it declared invalid.

Under such a situation, can it be said that the defendants' acts are so definite and final as to constitute a genuine threat to the pecuniary interests of the plaintiffs? We cannot so find.

"Actions for declaratory judgments brought by individuals to test or challenge the propriety of public action often fail on this ground, either because the plaintiff is deemed not to have an adequate personal interest in the issue, or because the public officer or other person selected as a defendant has no special interest to oppose the complaint or no special duties in relation to the matter which would be affected by any eventual judgment. The absence of adversary or the correct

adversary parties is in principle fatal." Borchard, Declaratory Judgments (2d ed.), p. 76.

"When the defendant has no power to affect the plaintiff's rights, the suit, as already observed, is likely to be dismissed as presenting 'no controversy.' The opposition to the plaintiff's demand must come from a source competent legally to jeopardize his right." Borchard, Declaratory Judgments (2d ed.), p. 50.

In Thorin v. Burke, 146 Neb. 94, 18 N. W. 2d 664, an act was assailed by an original action for a declaratory judgment, and it was held that an act imposing a tax of 15 cents per pound on oleomargarine was unconstitutional, but it will be noted that the defendant was the Director of the Department of Agriculture and Inspection in the State of Nebraska, whose duty it would be to enforce such law over the entire state. See Arlington Oil Co. v. Hall, 130 Neb. 674, 266 N. W. 583.

In the case at bar, the husband had a bank deposit of $100 on the date the amended petition was filed, but the personal property schedule is required to be filed, giving a list of all his property as of March 10. § 77-1201, R. S. Supp., 1947. Admitting for the sake of the demurrer that all allegations are true when filed, the question remains, Will the deposit still be $100 on March 10?

The Declaratory Judgments Act is applicable only where there is a present actual controversy and all interested persons are made parties, and only where justiciable issues are presented. It does not undertake to decide the legal effect of laws upon a state of facts which is future, contingent, or uncertain. See Dobson v. Ocean Accident & Guarantee Corporation, 124 Neb. 652, 247 N. W. 789; Moeller, McPherrin & Judd v. Smith, *supra;* Lynn v. Kearney County, 121 Neb. 122, 236 N. W. 192; Annotation, 132 A. L. R. 1108; Annotation, 135 A. L. R. 934; Annotation, 142 A. L. R. 8; 16 Am. Jur., Declaratory Judgments, § 17, p. 291, § 18, p. 292, § 26, p. 298.

In conclusion, we find that there was no actual justiciable controversy between the plaintiffs and the two county officials whom they elected to make defendants. Therefore, the trial court was right in sustaining the demurrer.

AFFIRMED.