VIRGIL E. GRAHAM, GUARDIAN OF CHRISTINA BEAUCHAMP,
AN INCOMPETENT PERSON, APPELLANT, V. WESLEY C.
BEAUCHAMP, APPELLEE.

50 N. W. 2d 104

Filed November 30, 1951.   No. 33043.

*Beatty, Clarke, Murphy & Morgan,* for appellant.

*Baskins & Baskins,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action for declaratory judgment brought
by the guardian of Christina Beauchamp, an incompe-
tent person, seeking a declaration as to the rights, status,
and legal relations with defendant, to determine the
ownership of certain cattle to enable the guardian to
file an inventory in the guardianship estate.

The trial court decreed that Christina Beauchamp and
her husband Wesley C. Beauchamp, the defendant, en-
tered into a written contract with Merle D. Ware by
the terms of which Ware was to take possession of a
herd of cattle from March 1, 1950, to March 1, 1953,

and furnish the work and necessary provisions for their keep. In consideration for so doing, Ware was to receive one-half the calf crop each year, Christina Beauchamp one-fourth of the calf crop, and the defendant one-fourth of the calf crop. Certain of the calves were sold and the proceeds of the sale were held pending this action. The court further decreed that the proceeds so held, subject to the order of the court, be divided equally between the plaintiff and defendant; that future calves born to the cows referred to in the pleadings, during the term of the contract, be owned and divided in the same manner as before set out; that the rights, status, and other relationship of the plaintiff and defendant in and to other cattle described in the pleadings be not determined or declared in this action, but that the ownership and rights of the parties herein be expressly undeclared and undetermined; and that each party pay one-half of the costs of the proceedings.

The plaintiff filed a motion for new trial. From the order overruling the motion the plaintiff appeals.

For convenience we will refer to Christina Beauchamp as Christina, her husband Wesley C. Beauchamp as the defendant, and Merle D. Ware as Ware.

It appears from the record that the defendant and Christina Hoatson were married on April 4, 1944. At the time of their marriage the defendant owned 14 head of cattle, some hogs, a team of horses, and some farm machinery. Christina owned no property. After the marriage they moved to the farm which had been rented and operated by the defendant near Ringgold. Christina's father died in 1944 after her marriage. She testified that she inherited 55 head of black cattle, including calves, from her father's estate. These cattle were taken up in the hills at Ringgold. At the time of trial there were 57 head of cattle. The calves out of the original cows were kept and grew up with the herd.

The defendant testified that he believed Christina inherited 54 or 55 head of cattle from her father. He

took possession of them and branded them with his brand. The defendant sold some of the cattle. He believed there were 10 head of the original number left. The defendant further testified that he never bought any black cattle, but did buy some red and white-faced cattle, three of which were with the herd at the time of trial. The defendant and Christina purchased a bull between them from the proceeds of the cattle sold and other farm proceeds. The defendant testified that he took care of the cattle, raised them, replaced the herd, and the herd was developed from whatever cattle the defendant had and those that Christina had. The cattle were assessed in his name and he paid the taxes on them.

On March 28, 1950, the defendant and Christina entered into a contract with Merle D. Ware, as heretofore referred to.

The plaintiff was appointed guardian of Christina Beauchamp, an incompetent person, on April 17, 1950. At the time of filing the petition in the guardianship estate there were 57 cows, 44 calves, and 1 bull. The plaintiff, as guardian, was unable to determine to whom the cattle belonged for the reason that there was a dispute between his ward and her husband with reference to the ownership of the cattle. As a consequence he is prevented from filing a proper inventory in the guardianship estate.

The plaintiff contends the trial court erred in entering judgment that the rights, status, and other legal relationship of the plaintiff and defendant in and to the cattle described in the pleadings, other than the calves, be not determined or declared in this action, but that such ownership and rights be expressly undeclared and undetermined.

Section 25-21,152, R. R. S. 1943, of the Declaratory Judgments Act, provides in part that any person interested as guardian in the administration of the estate of a lunatic may have a declaration of rights or legal

relation in respect thereto to determine any question arising in the administration of the estate or trust.

The Declaratory Judgments Act is applicable where there is a present actual controversy and all interested persons are made parties, and only where justiciable issues are presented. See, Dobson v. Ocean Accident & Guarantee Corp., 124 Neb. 652, 247 N. W. 789; Miller v. Stolinski, 149 Neb. 679, 32 N. W. 2d 199; Redick v. Peony Park, 151 Neb. 442, 37 N. W. 2d 801; § 25-21,159, R. R. S. 1943.

"A court may refuse to enter a declaratory judgment where it would not terminate the uncertainty or controversy giving rise to the proceeding." Dobson v. Ocean Accident & Guarantee Corp., *supra*.

The defendant contends that the trial court, in the exercise of its judicial discretion, entered the proper judgment for the reason that Merle D. Ware was an interested party by virtue of his contract with Christina and the defendant, and a necessary party to the controversy; that Ware has, under the contract, the right of possession of these cattle until March 1, 1953, therefore there is no present controversy between these parties as to the title to the cattle until the contract terminates, and no present necessity for determining the title; and that the guardian can make an inventory as to his ward's interest in the cattle according to the terms of the contract.

We are not in accord with this contention. The contract, by its terms, does not vest the title to the cattle in Ware. The contract is specific as to Ware's interest, and that is one-half the calf crop for the years the contract is in force. Likewise, it is specific with reference to Christina's interest and the defendant's interest in the calf crop. Ware has no interest in the title to the cattle here involved. This is a matter between the parties to this action. The trial court properly determined the interest in the calves of the respective parties to the contract.

The evidence without contradiction shows Christina inherited 28 cows, 14 yearling heifers, and 13 calves from her father's estate. The defendant never had title to any of these cattle, nor did he purchase any black cattle. He did purchase three red and white-faced cattle which were placed in the herd and were a part of the herd at the time of trial. In all there were 57 cattle in the herd at that time. While certain changes were made in the herd, it is apparent that the calves which constituted part of the original herd were kept with the herd.

We believe the case at bar is a proper case for a declaratory judgment for the reason that there is a present, actual, and bona fide controversy between the defendant husband and the guardian of Christina, justiciable issues are presented, and a judgment determining the title to the cattle here involved will remove the uncertainty that now exists.

The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The court's discretion should be exercised with caution. Jurisdiction should be assumed only where the court is satisfied that an actual controversy exists between competent parties who are before the court, and that the declaration sought will be a practical help in ending the controversy or in stabilizing disputed legal relations under the facts alleged and proved. It has been held that the court is charged with the duty of declaring the rights of the parties, where both seek a declaration, and should not enter a judgment merely dismissing the complaint. See, 1 C. J. S., Actions, § 18, p. 1033; Moeller, McPherrin & Judd v. Smith, 127 Neb. 424, 255 N. W. 551.

We conclude that under the evidence the title to the black cattle constituting a part of the herd is in the plaintiff's ward Christina, and the three red and white-faced cattle purchased by the defendant and with the herd are his separate property. The evidence is not clear whether Christina and the defendant purchased

one or two bulls. In any event they each own a one-half interest therein, and the evidence shows an understanding between them to that effect.

The defendant, by his answer, claims the title to all of the cattle for the management, the work, and the handling of the same; the paying of taxes on them; and in addition, the handling of certain real estate inherited by Christina from her father, changing the encumbrances thereon, and selling some of the real estate and purchasing other real estate which enhanced her estate that she received from her father and mother. While the defendant may have some equitable interest where property is accumulated by the joint efforts of a husband and wife, this is not a proper action in which such interests may be determined.

In an action for declaratory judgment the matter of entering a declaratory judgment has been held to be one of practice and procedure rather than one of jurisdiction. An action for such a judgment or relief is a special proceeding and is equitable in its nature, but it is not an exercise of general equity jurisdiction in which the court may grant consequential relief under a general prayer or upon general equitable considerations. See 1 C. J. S., Actions, § 18, p. 1046.

In Grosse Pointe Shores v. Ayres, 254 Mich. 58, 235 N. W. 829, the court said: "A requisite to the proceeding is an actual controversy over a specific issue to be set up in the pleadings, in order that a binding declaration of rights may be made thereon. The proceeding is special, is not a substitute for the regular actions, and is not an exercise of general equity jurisdiction in which the court may grant consequential relief under a general prayer or upon general equitable considerations. Washington-Detroit Theatre Co. v. Moore, 249 Mich. 673, 229 N. W. 618, (68 A. L. R. 105); 50 A. L. R. 42; 19 A. L. R. 1124, 12 A. L. R. 52, notes."

The defendant's contention cannot be sustained in the present action.

For the reasons given in this opinion the judgment of the trial court in refusing to determine the title to the cattle in question is reversed and the cause remanded with directions to enter judgment in conformity with this opinion. The ruling of the trial court ordering each party to pay their own costs is reversed, and the costs are to be taxed to the defendant. In all other respects the judgment of the trial court is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.