ELIZABETH PHILLIPS, APPELLANT, V. MARY PHILLIPS, ALSO
KNOWN AS MRS. HOWARD PHILLIPS, APPELLEE.

79 N. W. 2d 420

Filed November 23, 1956. No. 33995.

*Jack E. Lyman* and *Paul E. Rhodes,* for appellant.

*Robert J. Bulger, Neighbors & Danielson,* and *James L. Macken,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Morrill County. The action was brought by Elizabeth Phillips against Mary Phillips seeking a declaratory judgment to ascertain the rights of plaintiff and defendant in and to certain real estate in Morrill County of which William O. Phillips died seized. The district court found the plaintiff was not entitled to the possession of the premises and entered a decree accordingly. Her motion for a new trial having been overruled, plaintiff appealed to this court.

The basic facts are not in dispute. William O. Phillips died on December 24, 1941, seized of the real estate of which the right to possession is here in controversy. At the time of his death William O. Phillips left surviving him his widow, appellant here, and four children.

The children were three sons, Howard, Charles, and Patrick, and one daughter, Hazel Balka. Decedent left a last will and testament which, on January 24, 1942, was allowed and admitted to probate by the county court of Garden County, Nebraska. This will provided for the disposition of all his property as follows:

"I give, devise and bequeath unto my wife Elizabeth Phillips the use, benefits, and income from the remainder of my real and personal property, of which I may die possessed, to the extent of Six Hundred Dollars of net income annually from the said remaining personal and real property, to have and hold the same during her natural life, that is to say all net income of every nature from my remaining estate not in excess of Six Hundred Dollars ($600.00) per year; and all of said remaining real and personal property to be disposed of, upon her death as hereinafter set forth. Any amounts of net income in excess of Six Hundred Dollars per year from my estate, shall be divided annually to my four children, namely, Hazel Balka, Charles Phillips, Patrick Phillips, and Howard Phillips.

"Upon the death of my wife Elizabeth Phillips, I give, devise and bequeath to my one daughter, Hazel Balka, and to my three sons, Charles Phillipa, Patrick Phillips, and Howard Phillips, all of the remainder of my estate, said four children to share equally in the balance of said estate. Any amounts that may be owing to my estate by any of my said children shall be deducted from their share of this bequest."

The son, Howard Phillips, died on October 2, 1953. He left a last will and testament which was admitted and allowed to probate by the county court of Morrill County, Nebraska, on November 4, 1953. Howard's widow, appellee, was the sole beneficiary under this will and thus she became the owner of all of Howard's interest in the property he inherited from his father.

At the time of his death Howard and his wife, appellee, were in possession, either exclusively or in conjunction

with Patrick Phillips, of the lands here in controversy and, since his death, appellee has continued in possession thereof on the same basis. On February 4, 1954, appellant and Charles R. Phillips, Patrick Phillips, and Hazel Balka caused to be served on appellee a notice to terminate such occupancy as of March 1, 1955, on the theory that appellee was in possession under them on the basis of a tenancy from year to year. The question which appellant here seeks to have answered is: Does she, under the provisions of the will of her decedent husband, have such an interest in the real property of which he died seized as to give her the exclusive right to the possession thereof?

An action seeking the construction of a will and a declaration of rights thereunder is authorized by section 25-21,150, R. R. S. 1943.

However, we have often held that: "It is well-settled law that the statute authorizing a declaratory judgment is applicable only where all interested persons are made parties to the proceeding." Wood Realty Co. v. Wood, 132 Neb. 817, 273 N. W. 493. See, also, Haynes v. Anderson, *ante* p. 50, 77 N. W. 2d 674; Graham v. Beauchamp, 154 Neb. 889, 50 N. W. 2d 104; Redick v. Peony Park, 151 Neb. 442, 37 N. W. 2d 801; Miller v. Stolinski, 149 Neb. 679, 32 N. W. 2d 199; Southern Nebraska Power Co. v. Village of Deshler, 130 Neb. 133, 264 N. W. 462; Dobson v. Ocean Accident & Guarantee Corp., 124 Neb. 652, 247 N. W. 789. Such an action requires that all interested parties shall be before the court and no matter what may be the wishes of the parties who are in court the court will not entertain and render a decree which, for want of necessary parties, cannot fully adjudicate the question presented. See Dobson v. Ocean Accident & Guaranty Corp., *supra.*

It is apparent, from the quoted language of the last will and testament of William O. Phillips, that Charles Phillips, Patrick Phillips, and Hazel Balka were given the same interest in the property of which he died

seized as Howard Phillips, to whose rights therein appellee has succeeded. They are as much concerned with and interested in the construction of this will as are the parties now before this court. Without their being made parties the question here presented cannot be fully and completely adjudicated.

Applicable to the situation here is the following language from Southern Nebraska Power Co. v. Village of Deshler, *supra:* "Therefore, this action cannot be maintained under the uniform declaratory judgments act, as all interested persons are not made parties, * * *."

Also the following is applicable from Updike Investment Co. v. Employers Liability Assurance Corp., 128 Neb. 295, 258 N. W. 470: "An action to secure a declaration of rights is designed to terminate a controversy so far as it relates to the parties and facts giving rise thereto, and courts should, under most circumstances, dismiss such an action without prejudice, whenever all parties, whose claims gave rise to the controversy and whose rights upon such claims would be adjudicated by the declaration sought, had they been a party to the action, have not been impleaded."

In view of the foregoing we reverse the judgment of the district court and remand the cause to it with directions that it dismiss the action without prejudice to appellant's right to bring another action for the same purpose.

Section 25-21,158, R. R. S. 1943, provides: "In any proceeding under this act the court may make such award of costs as may seem equitable and just."

In view of the fact that appellant has been unsuccessful in both the district court and this court, we direct all costs to be charged to her.

REVERSED AND REMANDED WITH DIRECTIONS.