STATE EX REL. BILLY ROY TYLER, RELATOR, V.
DOUGLAS COUNTY DISTRICT COURT, RESPONDENT.
580 N.W. 2d 95

Filed June 26, 1998.    No. S-97-772.

Billy Roy Tyler, pro se.

Don Stenberg, Attorney General, and Charles E. Lowe for respondent.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

WRIGHT, J.

## NATURE OF CASE

Billy Roy Tyler requests a writ of mandamus directing the clerk of the district court for Douglas County to file a petition in Douglas County District Court contrary to an order of such court issued on May 11, 1990.

## FACTS

On May 11, 1990, the district court issued an order limiting the number of pleadings which Tyler could file in that court to one per month as long as he was proceeding in forma pauperis

and representing himself. The district court's order noted that in an 8-year period, Tyler had filed 99 cases in Douglas County, and in most, if not all, Tyler had sought to proceed in forma pauperis. The district court's order is set forth in its entirety in the appendix following this opinion.

On May 30, 1990, Tyler appealed the order to this court. The appeal was subsequently dismissed because Tyler failed to file briefs. See *In re Administration of the Court*, 236 Neb. xxxii (case No. 90-468, Oct. 24, 1990).

Over 6 years later, Tyler, acting pro se and requesting that he be allowed to proceed in forma pauperis, submitted a petition captioned "Tyler v. Duda et al." to the district court for filing. The petition in that case states:

> Petitioner move for an order of this court voiding sale of AK SAR BEN and public land upon which it stood and in support He shows that the sale was a Result of Pork Barrel kickback graft and fraud conflict of interest in that the Douglas County Board of Commissioners which sold the public lands of Ak Sar Ben contained at least one member whom owned stock in the private corporation of defendant First Data Resources . . . .

The clerk of the district court returned the pleading to Tyler unfiled and informed him that the pleading could not be filed because he had exceeded the limits imposed on him by the order of May 11, 1990. In response, Tyler filed this original action.

## ANALYSIS

Tyler seeks a writ of mandamus directing the district court to file his pleading in "Tyler v. Duda et al." Implicit in Tyler's petition is a request that this court review the district court's May 11, 1990, order which prevents the clerk of the district court from filing Tyler's pleading. We granted leave to file this original action for the purpose of considering whether under the district court's May 11, 1990, order, Tyler has a clear legal right to the relief sought and whether Tyler has an adequate remedy at law.

We note that Tyler attempted once before to test the validity of this order in *In re Administration of the Court, supra,* but that appeal was dismissed for failure to file briefs. We therefore

examine the record of this case and take judicial notice of the proceedings in the former action. When cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in the former proceedings involving one of the parties now before it, the court has a right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. *Baltensperger v. United States Dept. of Ag.*, 250 Neb. 216, 548 N.W.2d 733 (1996).

Mandamus is an action at law, and a writ of mandamus is an extraordinary remedy, not a writ of right, which will be issued only when the duty to act is clear. *State ex rel. Lillie v. Cosgriff Co.*, 240 Neb. 387, 482 N.W.2d 555 (1992). A writ of mandamus is issued to compel the performance of a purely ministerial act or duty. It is imposed by law upon an inferior tribunal, corporation, board, or person, where the relator has a clear legal right to the relief sought and when there is a corresponding clear duty existing on the part of the respondent to perform the act in question. See *State ex rel. Wal-Mart v. Kortum*, 251 Neb. 805, 559 N.W.2d 496 (1997). Mandamus is not available to control judicial discretion and will be issued only if there is an absolute duty to perform in a specified manner upon the existence of certain facts. *Id.* To warrant the issuance of a peremptory writ of mandamus to compel the performance of a legal duty to act, the duty must be imposed by law, the duty must still exist at the time the writ is applied for, and the duty must be clear. *Id.*

Mandamus is a remedy of last resort for a litigant and will be used only when all other remedies have failed. *State v. Laflin*, 40 Neb. 441, 58 N.W. 936 (1894). Thus, a writ of mandamus may not be issued where there is a plain and adequate remedy in the ordinary course of the law. *State ex rel. Creighton Univ. v. Hickman*, 245 Neb. 247, 512 N.W.2d 374 (1994).

Tyler has not shown that the legal remedy available to him is inadequate. The order of the district court permits him to file more than one in forma pauperis pleading per month if accompanied by allegations showing immediate extraordinary and irreparable harm. Tyler made no such allegations in this case, and the record reflects no reason why he could not have simply waited until the next calendar month to file his petition.

Therefore, unless the order issued by the district court unreasonably restricted Tyler's access to the courts, he has an adequate remedy in the ordinary course of the law and is not entitled to a writ of mandamus.

Article I, § 13, of the Nebraska Constitution provides: "All courts shall be open, and every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due course of law, and justice administered without denial or delay." This section does not create any new rights, but is merely a declaration of a general fundamental principle. *Pullen v. Novak*, 169 Neb. 211, 99 N.W.2d 16 (1959). It is a primary duty of the courts to safeguard this declaration of right and remedy, but where no right of action is given or remedy exists under either the common law or some statute, this constitutional provision creates none. *Id.*

It is the court's duty to prevent frivolous proceedings in the administration of justice. *Sargent Feed & Grain v. Anderson*, 216 Neb. 421, 344 N.W.2d 59 (1984). Tyler is no stranger to Nebraska's appellate court system. Since January 1996, he has filed no less than 59 appeals which either have been disposed of or are now pending. While there is a generally recognized constitutional right of access to the courts, courts can place restrictions on such access in order to prevent the abuse of the judicial process, to avoid unnecessary delay in the prosecution of actions, and to guard against actions that are frivolous or malicious. *Phillips v. Carey*, 638 F.2d 207 (10th Cir. 1981).

The U.S. District Court for the District of Nebraska took action to limit Tyler's access to federal court when, in *In re Tyler*, 677 F. Supp. 1410 (D. Neb. 1987), it limited Tyler's filings to one per month if he proceeded in forma pauperis. In *In re Tyler*, the U.S. District Court noted that between January 1, 1986, and August 1987, Tyler had filed 113 cases in that court. In all cases, he was granted leave to file such complaints without prepayment of costs or filing fees. Fifty-one of the cases were dismissed without service of summons upon a finding that they were frivolous or failed to state a claim upon which relief could be granted. All but two were dismissed before trial. Of those two, one was dismissed at the close of Tyler's case, and the other resulted in a judgment of $5.

The U.S. District Court noted that if Tyler were prohibited from proceeding in forma pauperis in all cases, his access to the court would be unconstitutionally denied. However, the court reasoned that Tyler's lack of funds prevented the court from controlling Tyler's filing with typical methods, such as imposing costs and attorney fees pursuant to Fed. R. Civ. P. 11. Thus, the court limited Tyler's right to proceed in forma pauperis to only one filing per month. Tyler was also prohibited from drafting complaints for other inmates, and in the event that any pleading submitted by Tyler contained abusive language, leave to proceed in forma pauperis would automatically be denied and such pleading would satisfy his quota of in forma pauperis pleadings for that month.

We note that the U.S. District Court's order differs in one respect from the Douglas County District Court's order. The U.S. District Court's order requires that any pleading filed by Tyler be accompanied by an affidavit setting forth clearly and specifically the facts giving rise to the complaint and any documentation of such facts that may exist. See *In re Tyler*, 677 F. Supp. 1410 (D. Neb. 1987).

Tyler appealed from the en banc order of the U.S. District Court. The U.S. Court of Appeals for the Eighth Circuit found no error of fact or law in the U.S. District Court's order and affirmed it pursuant to 8th Cir. R. 14. *In re Tyler*, 839 F.2d 1290 (8th Cir. 1988). See, also, *In re McDonald*, 489 U.S. 180, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989), *reconsideration denied* 490 U.S. 1003, 109 S. Ct. 1636, 104 L. Ed. 2d 151; *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981).

We conclude that the Douglas County District Court's May 11, 1990, order does not unreasonably restrict Tyler's access to the courts, and therefore, Tyler did not have a clear legal right to have his petition filed despite the court's order. Our state courts and appellate system do not possess unlimited resources, and therefore, Tyler's petitions and appeals consume valuable time and money. Clearly, Tyler's actions restrict access to other persons who may have nonfrivolous cases and who do not seek to flood the courts with nonmeritorious actions. Thus, the district court was justified in limiting the number of pleadings which Tyler could file.

The limit imposed by the district court was well within its discretion and does not unconstitutionally limit Tyler's access to the judicial system. Tyler is not completely barred from filing lawsuits in forma pauperis; the district court simply limited the number and frequency of such suits. Additionally, no restrictions have been placed upon the number of pleadings which Tyler may file if he is represented by a licensed attorney or chooses to pay the filing fees.

The rationale of the Eighth Circuit in *Williams v. McKenzie*, 834 F.2d 152 (8th Cir. 1987), is clearly applicable. The state's interest in not allowing frivolous or malicious litigation in its courts is constitutionally paramount to the plaintiff's desire to pursue such litigation. In forma pauperis access to the courts is not a matter of right, but a privilege, and abuse of such privilege should not and will not be permitted.

## CONCLUSION

Having examined Tyler's petition for writ of mandamus in the context of the district court's May 11, 1990, order, we conclude that the petition should be denied. Thus, we deny Tyler's petition for a writ of mandamus and dismiss the petition. The costs of this action are taxed to Tyler.

WRIT OF MANDAMUS DENIED.
PETITION DISMISSED.

## APPENDIX

On May 11, 1990, the Douglas County District Court entered the following order:

THIS MATTER is before the Court on its own motion, in response to the number of filings in this Court by Billy Roy Tyler, which have caused unnecessary administrative expenses in the handling of his cases, as well as delays in the handling of other cases.

Since July 1, 1982, when he sought a writ of habeas corpus to prevent the allegedly illegal detention of his minor children by juvenile authorities, Mr. Tyler has filed ninety-nine (99) cases in the District Court of Douglas County in which he is a party-plaintiff, exclusive of actions for dissolution of his marriage and appeals of criminal convictions. According to records in the office of

the Clerk of the District Court, twenty-four (24) of those cases were filed during the calendar year 1988, including seventeen (17) cases filed in the last three months of that year; on two occasions during that period, Mr. Tyler filed four separate lawsuits on the same day. The Clerk's records further reflect that, since Mr. Tyler's resumption of activity in mid-November, 1989, he has filed another twenty-four (24) lawsuits with twenty (20) of those actions having been filed since February 13 of this year. Mr. Tyler himself recognizes his litigious propensities, referring, in one of his recent pleadings, to "the myriad of lawsuits that I have filed," and, in another recent pleading, describing himself as "a man of great experience in court (and about court)."

In most, if not all, of the actions initiated by Mr. Tyler, he has sought to proceed without the pre-payment of fees and costs, pursuant to Nebraska Revised Statutes 25-2301 et seq. (Reissue 1989). In addition, Mr. Tyler has filed numerous lawsuits on behalf of other individuals, with or without their consent, again proceeding in forma pauperis. As the United States Supreme Court noted in In re McDonald, 489 U.S. [180], 109 S.Ct. 993, 103 L.Ed.2d 158, reh'g denied, 490 U.S. [1003], 109 S.Ct. 1636, 104 L.Ed.2d 151 (1989), paupers filing pro se petitions are not subject to the financial considerations — filing fees and attorney fees — which deter other litigants from filing frivolous petitions.

During his incarceration following a felony conviction for possession of a controlled substance, see State v. Tyler, 223 Neb. 473, 390 N.W.2d 40 (1986), Mr. Tyler filed a number of repetitive, redundant actions seeking to challenge, on essentially the same grounds, the validity and conditions of that incarceration, including four (4) separate cases on the same day against the Superintendent of the Omaha Correctional Center. Of the twenty-five (25) cases filed by Mr. Tyler in the District Court of Douglas County between February 1, 1988, and January 3, 1989, ten (10) involved challenges to the revocation of his parole, to his custody classification as a prisoner, or to the

imposition of discipline upon him because of misconduct while incarcerated; another six (6) of such cases involved challenges to various aspects of his confinement, including mail and telephone restrictions, or confrontations with correctional personnel. It should be noted that all sixteen (16) of the cases just discussed were filed in the three-month period between October 1, 1988, and January 3, 1989.

Since becoming a homeowner in August, 1989, Mr. Tyler has sued his neighbors, a public utility (threatened shut-off of electrical service because of a delinquent bill), the Nebraska Humane Society (complaint about Mr. Tyler's un-licensed, un-vaccinated dogs running loose), three prospective employers, and a judge of the County Court of Douglas County who refused to accept Mr. Tyler's written demand (as a spectator) that certain action be taken. Others sued are those officials of the social-services and judicial systems who refuse to allow Mr. Tyler to dictate the terms of his relationship with his two oldest daughters, who were long ago removed from his custody, and those officials who have refused to accede to his repeated demands for immediate public assistance, irrespective of eligibility requirements.

Of the forty-nine (49) cases filed in this court by Mr. Tyler since January 1, 1988, twenty-three (23) are pending. Although Mr. Tyler has characterized himself as "the greatest writ writer in the world", none of the twenty-six (26) cases disposed of in the last two years has gone so far as to require a trial on the merits: five (5) of the cases have been dismissed at Mr. Tyler's request, and another was involuntarily dismissed as a result of Mr. Tyler's vulgar written response to an unfavorable ruling on a request for a temporary restraining order and a preliminary injunction; one (1) case was dismissed at the request of the person on whose behalf the action was supposedly filed by Mr. Tyler; five (5) cases were dismissed, pursuant to case-progression standards, for lack of prosecution; six (6) cases were dismissed specifically as being frivolous; and

the remaining eight (8) were dismissed as the result of pretrial motions of the defendants.

Mr. Tyler's propensity to litigation has taken him to the United States District Court for the District of Nebraska, see In re Tyler, 677 F.Supp. 1410 (D.Neb.1987), aff'd per curiam, 839 F.2d 1290 (8th Cir.1988), as well as to several other jurisdictions, see State v. Tyler, 275 N.W.2d 800 (Minn.1979) (appealability of order discharging Tyler from imprisonment under jurisdiction of Minnesota Corrections Board); Tyler v. City of Milwaukee, 740 F.2d 280 (7th Cir. 1984) (denial of in forma pauperis status because of Tyler's unruly behavior during indigency hearing, in challenge to allegedly illegal arrest); and Tyler v. Pasqua & Toloso, 748 F.2d 283 (5th Cir. 1984) (demand for expedited service on food-stamp claim). The description of Mr. Tyler's activities and behavior in In re Tyler, supra, accurately portrays his conduct before this Court as well, particularly his use of foul, disgusting and abusive language both in writing and in person.

Although an indigent person has a right of reasonable access to the court, Barnes v. Eighth Judicial District Court, 748 P.2d 483 (Nev.1987); see In re Green, 598 F.2d 1126 (8th Cir.1979); Eisemann v. Miller 101 Idaho 692, 619 P.2d 1145 (1980), that right of access is not unrestricted, Barnes, supra. A litigant[']s right of access to the courts must be balanced against and, in a proper case, must yield to, the interests of other litigants and of the public in general in protecting judicial resources from the deleterious impact of repetitious, baseless, pro se litigation. Board of County Commissioners of Morgan County v. Winslow, 706 P.2d 792 (Colo.1985) (en banc). As the United States Court of Appeals for the Eighth Circuit pointed out in Williams v. McKenzie, 834 F.2d 152 (8th Cir. 1987), the State's interest in not allowing legally frivolous or malicious litigation to proceed in its courts is constitutionally paramount to any interest of a plaintiff in pursuing such legally frivolous or malicious litigation. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the

institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests . . . does not promote that end." In re McDonald, supra at [184], 109 S.Ct. at 996, 103 L.Ed[.]2d at 164.

We expressly find, as did the judges of the United States District Court for the District of Nebraska, in In re Tyler, supra, that Mr. Tyler has flagrantly and repeatedly abused the judicial process by filing a multitude of meritless lawsuits, and that this pattern of conduct is likely to continue unabated unless preventive measures are imposed. In order to ensure the conservation of already over-worked judicial resources without altogether denying Mr. Tyler access to the courts, the following requirements will be adhered to, effective from the date of this order and to include the month of May, 1990.

1. The Clerk of the District court is directed not to accept in excess of one (1) pleading per calendar month initiating a new lawsuit, accompanied by an application to proceed in forma pauperis, in which Billy Roy Tyler is named as a plaintiff or petitioner, including cases filed in Mr. Tyler's name on behalf of other individuals, unless clear and specific allegations of fact, constituting a cause of action, are made showing immediate extraordinary and irreparable harm.

2. The Clerk shall return to Billy Roy Tyler any and all petitions or complaints submitted in excess of one per calendar month, unless such petition or complaint is accompanied by payment of the usual and customary docket fee.

3. In each new petition or complaint submitted for filing to the District Court of Douglas County, Nebraska, Billy Roy Tyler shall (a) set forth with particularity whether there has been filed in any other state or federal court an action alleging the same facts or claims for relief, or related facts or claims for relief, as those contained in the pleading submitted for filing in this court, and, if so, (b) shall submit a copy of such pleadings from such other court as may be applicable.

4. In any pleadings or documents submitted to the District Court of Douglas County, Nebraska, on behalf of other individuals, Billy Roy Tyler shall indicate under oath whether such pleading or document is submitted with the knowledge and express permission of such other individual.

5. Nothing in this order shall prohibit Billy Roy Tyler from proceeding as a plaintiff or petitioner in any civil case in this court with the representation of an attorney duly licensed to practice law in the State of Nebraska.