FRANKIE LEVI COLE, APPELLANT, V.
KATHY BLUM ET AL., APPELLEES.

637 N.W.2d 606

Filed January 11, 2002. No. S-01-295.

Frankie Levi Cole, pro se.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

On February 28, 2001, the Lancaster County District Court denied Frankie Levi Cole's petition to proceed in forma pauperis, finding that the action was frivolous pursuant to Neb. Rev. Stat. § 25-2301.02(1) (Cum. Supp. 2000). Cole appealed.

## FACTUAL BACKGROUND

On January 3, 2001, a prison disciplinary committee at the Nebraska State Penitentiary found Cole, an inmate at the facility, guilty of violating 68 Neb. Admin. Code, ch. 5, § 005II[N] (2000) (failure to work). The committee disciplined Cole by imposing 5 days' room restriction. The decision of the committee was affirmed by the Department of Correctional Services Appeals Board (appeals board).

Cole then filed an action in the Lancaster County District Court entitled "Civil Action Alleging Rights Violations Against Prison Employees," naming the four members of the appeals board, the penitentiary warden, and a penitentiary employee individually by name as defendants.

In his petition, Cole asserted that the action of the disciplinary committee was arbitrary and capricious because Cole was medically unable to perform his assigned work duties due to back problems. Cole then asked the district court to either declare that he has a right under Nebraska law to seek redress from the action of the appeals board or find that Neb. Rev. Stat. § 83-4,123 (Reissue 1999) is unconstitutional in that it does not permit appeals from decisions of the appeals board unless the discipline imposed involves loss of good time or disciplinary isolation. See *Abdullah v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 545, 513 N.W.2d 877 (1994) (§ 83-4,123 authorizes appeal from decision of appeals board involving loss of good time credit or disciplinary isolation). See, also, *Dittrich v. Nebraska Dept. of Corr. Servs.*, 248 Neb. 818, 539 N.W.2d 432 (1995) (room restriction not disciplinary isolation under § 83-4,123).

With his petition, Cole submitted a request to proceed in forma pauperis and an affidavit showing that he did not possess the resources to pay the filing fees. The application to proceed in forma pauperis is file stamped February 22, 2001, by the clerk of the court. The underlying petition does not contain a file stamp date or any other indication of when it was received.

On February 28, 2001, the district court, on its own motion, denied Cole's in forma pauperis request as frivolous. The court set out its reasons, findings, and conclusion for determining the petition frivolous in a written order as required by § 25-2301.02(1). Cole appealed. His request to proceed in forma pauperis for purposes of appeal was granted pursuant to § 25-2301.02(2).

## ASSIGNMENTS OF ERROR

Cole asserts, rephrased and summarized, that the district court erred in (1) finding that his petition was frivolous and (2) failing to grant leave to amend the petition before denying the motion to proceed in forma pauperis.

## STANDARD OF REVIEW

A district court's denial of in forma pauperis status under § 25-2301.02 is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court. § 25-2301.02(2).

## ANALYSIS

Cole asserts the district court erred in finding that his petition was frivolous. The appeal presents this court with its first opportunity to consider the dismissal of a petition as frivolous under § 25-2301.02, which statute became effective August 28, 1999.

As we noted in *State ex rel. Tyler v. Douglas Cty. Dist. Ct.*, 254 Neb. 852, 856, 580 N.W.2d 95, 98 (1998), "It is the court's duty to prevent frivolous proceedings in the administration of justice." In forma pauperis access to the courts is generally not a matter of right, but a privilege, and "abuse of such privilege should not and will not be permitted." *Id.* at 858, 580 N.W.2d at 99. See, also, *Williams v. McKenzie*, 834 F.2d 152 (8th Cir. 1987) (no inherent right to in forma pauperis status).

Section 25-2301.02 states in relevant part:

(1) An application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application: (a) Has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious. . . . An evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious. If no hearing is held, the court shall provide a written statement of its reasons, findings, and conclusions for denial of the applicant's application to proceed in forma pauperis which shall become a part of the record of the proceeding. . . . In any event, the court shall not deny an application on the basis that the appellant's legal positions are frivolous or malicious if to do so would deny a defendant his or her constitutional right to appeal in a felony case.

Except in those cases where the denial of in forma pauperis status "would deny a defendant his or her constitutional right to appeal in a felony case," § 25-2301.02 allows the court "on its own motion" to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue "a written statement of its reasons, findings, and conclusions for denial." A frivolous legal position is one wholly without merit, that is, without rational argument based on the law or on the evidence.

See *Cox v. Civil Serv. Comm. of Douglas Cty.*, 259 Neb. 1013, 614 N.W.2d 273 (2000) (applying Neb. Rev. Stat. § 25-824 (Reissue 1995)). See, also, *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (action is frivolous if it lacks arguable basis either in law or in fact).

■ Under our de novo review, we construe Cole's petition as seeking declaratory relief. Cole is asking that the district court either declare Cole's right under Nebraska law to seek redress from the action of the appeals board or find that § 83-4,123 unconstitutionally denies him this alleged right. In *Miller v. Stolinski*, 149 Neb. 679, 684, 32 N.W.2d 199, 202 (1948), we noted that in a declaratory judgment action, when the named defendant or defendants have " 'no power to affect the plaintiff's rights,' " such an action fails to present a justiciable controversy. See, also, *Phillips v. Phillips*, 163 Neb. 282, 79 N.W.2d 420 (1956) (court will not render decree in declaratory judgment action which cannot fully adjudicate question presented). As in *Miller, supra*, the defendants named by Cole have no power as individuals to affect Cole's rights insofar as the constitutionality or appeals process under § 83-4,123 is implicated.

In *Miller, supra*, the plaintiffs brought a declaratory judgment action against the Douglas County assessor and Douglas County treasurer, asserting the Nebraska Community Property Act then in effect was unconstitutional. This court found that the plaintiffs' claim failed to present a justiciable issue because the county assessor and county treasurer had " 'no special interest to oppose the complaint [and] no special duties in relation to the matter which would be affected by any eventual judgment.' " *Id.* at 683, 32 N.W.2d at 202. Cole's petition suffers from the same defect which existed in *Miller*. The individual members of the appeals board, the penitentiary warden, and the penitentiary employee named by Cole as defendants have no special interest or special duties related to the constitutionality or appeals process under § 83-4,123. Therefore, we determine that the petition is without rational argument based on the law, in that it fails to name any proper defendants. The district court did not err in finding Cole's petition frivolous.

Cole next asserts the district court erred in failing to grant leave to amend his petition prior to denying his request to proceed in

forma pauperis. Cole argues that he must be granted leave to amend unless it is clear that no reasonable possibility exists that amendment will correct the defect. In making this argument, Cole is treating his petition as if the district court had sustained a demurrer to the petition for failure to state a claim. See Neb. Rev. Stat. §§ 25-806 and 25-854 (Reissue 1995). See, also, *J.B. Contracting Servs. v. Universal Surety Co.*, 261 Neb. 586, 624 N.W.2d 13 (2001).

However, this case does not involve a demurrer to a petition under the rules of civil procedure; instead, this case involves a request to proceed in forma pauperis. The procedure for granting in forma pauperis status is set out in § 25-2301.02. This statute contains no requirement that the court grant leave to amend the underlying petition before denying a request to proceed in forma pauperis. In fact, such a requirement would be contrary to the plain language of § 25-2301.02, which authorizes the court to deny a frivolous request to proceed in forma pauperis summarily by written order. This assignment of error is without merit.

While not dispositive of this appeal, we note that the underlying petition in this case contained no indication from the clerk of the district court regarding when it was received by the court. We take the opportunity to point out that it is incumbent upon the clerk of the court, in cases in which an application to proceed in forma pauperis is filed, to indicate upon the face of the underlying petition when the petition is received by the court. This is necessary in order to address any issues which could conceivably arise concerning the timeliness of the underlying petition.

## CONCLUSION

The order of the trial court denying Cole's in forma pauperis application as frivolous is affirmed.

AFFIRMED.