IN RE CHANGE OF NAME OF DOUGLAS DAVID PATTANGALL.
DOUGLAS DAVID PATTANGALL, APPELLANT, V.
STATE OF NEBRASKA, APPELLEE.

___ N.W.2d ___

Filed August 11, 2015.    No. A-14-745.

1. **Affidavits: Appeal and Error.** A district court's denial of in forma pauperis under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court.

2. **Constitutional Law: Judgments.** Except in those cases where the denial of in forma pauperis status would deny a defendant his or her constitutional right to appeal in a felony case, Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2008) allows the court on its own motion to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue a written statement of its reasons, findings, and conclusions for denial.

3. **Actions: Words and Phrases.** A frivolous legal position pursuant to Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is one wholly without merit, that is, without rational argument based on the law or on the evidence.

4. **Statutes.** Where general and special provisions of statutes are in conflict, the general law yields to the special provision or more specific statute.

5. **Judgments: Records: Appeal and Error.** Where the record demonstrates that the decision of the trial court is ultimately correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm.

Appeal from the District Court for Johnson County: DANIEL E. BRYAN, JR., Judge. Affirmed.

Douglas David Pattangall, pro se.

- 132 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE CHANGE OF NAME OF PATTANGALL
Cite as 23 Neb. App. 131

Douglas J. Peterson, Attorney General, and Blake E. Johnson for amicus curiae State of Nebraska.

Moore, Chief Judge, and Pirtle and Bishop, Judges.

Moore, Chief Judge.

Douglas David Pattangall filed a petition for name change in the district court for Johnson County. He moved to proceed in forma pauperis, and the district court denied the motion on the ground that the petition asserted reasons that were frivolous and meritless. Pattangall appeals, and we affirm.

## FACTUAL BACKGROUND

Pattangall is an inmate incarcerated at the Tecumseh State Correctional Institution. On August 22, 2014, he filed a pro se petition for name change in the district court for Johnson County. Pattangall alleged that he sought to change his name to Adar ben-David for religious reasons. Pattangall moved the district court to proceed with the name change in forma pauperis.

The district court denied Pattangall's motion to proceed in forma pauperis on the same day the motion was filed with the court. The court stated that it denied the motion for the reason that Pattangall's petition asserted reasons that were frivolous and meritless.

Pattangall has timely appealed.

## ASSIGNMENTS OF ERROR

Pattangall assigns that the district court erred in denying his motion to proceed in forma pauperis.

## STANDARD OF REVIEW

[1] A district court's denial of in forma pauperis under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court. See *Gray v. Kenney*, 290 Neb. 888, 863 N.W.2d 127 (2015).

Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Schaffer v. Cass County*, 290 Neb. 892, 863 N.W.2d 143 (2015).

## ANALYSIS

[2,3] Applications to proceed in forma pauperis are governed by § 25-2301.02.

> Except in those cases where the denial of in forma pauperis status "would deny a defendant his or her constitutional right to appeal in a felony case," § 25-2301.02(1) allows the court "on its own motion" to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue "a written statement of its reasons, findings, and conclusions for denial."

*Peterson v. Houston*, 284 Neb. 861, 866, 824 N.W.2d 26, 32 (2012), quoting *Cole v. Blum*, 262 Neb. 1058, 637 N.W.2d 606 (2002). A frivolous legal position pursuant to § 25-2301.02 is one wholly without merit, that is, without rational argument based on the law or on the evidence. *Id*.

In this case, Pattangall sought to change his name pursuant to Neb. Rev. Stat. § 25-21,271 (Cum. Supp. 2014). Section 25-21,271 requires a person who desires a name change to file a petition in the district court of the county in which the person is a resident. The petition must set forth

> (a) that the petitioner has been a bona fide citizen of such county for at least one year prior to the filing of the petition, (b) the address of the petitioner, (c) the date of birth of the petitioner, (d) the cause for which the change of petitioner's name is sought, and (e) the name asked for.

§ 25-21,271(1). Pattangall's petition for name change alleged the following:

> 1. [Pattangall's] current address is 2725 No. Hwy 50, Tecumseh, Johnson County, Nebraska.

- 134 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE CHANGE OF NAME OF PATTANGALL
Cite as 23 Neb. App. 131

2. [Pattangall] has been a resident of Johnson County, Nebraska for more than one year prior to the filing of this Petition.

3. [Pattangall's] current name is Douglas David Pattangall.

4. [Pattangall's date of birth].

5. [Pattangall] seeks to have the name of Adar ben-David.

6. [Pattangall] seeks to have his name changed for religious reasons. [Pattangall] seeks to cast off the last vestiges of Christianity and fully identify with his ethnic ancestry, as well as manner of faith.

Comparing Pattangall's petition to the statutory elements, it is clear his petition complies with the statute.

Even though Pattangall's petition for name change is sufficient in form to comply with the statute, the district court denied Pattangall's motion to proceed in forma pauperis because it determined his position to be legally frivolous and meritless. The State, appearing in this case as amicus curiae, contends the court reached the correct decision even though it disagrees with the court's reasoning. The State contends that Nebraska law does not allow a district court to grant leave to proceed in forma pauperis for a name change proceeding. We agree with the State's position.

Two statutory provisions, as applied to a name change application, are in conflict. The general in forma pauperis rule, found in Neb. Rev. Stat. § 25-2301.01 (Reissue 2008), states:

Any county or state court, except the Nebraska Workers' Compensation Court, may authorize the commencement, prosecution, defense, or appeal therein, of a civil or criminal case in forma pauperis. An application to proceed in forma pauperis shall include an affidavit stating that the affiant is unable to pay the fees and costs or give security required to proceed with the case, the nature of the action, defense, or appeal, and the affiant's belief that he or she is entitled to redress.

- 135 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE CHANGE OF NAME OF PATTANGALL
Cite as 23 Neb. App. 131

But, as the State demonstrates in its brief, Neb. Rev. Stat. § 25-21,273 (Reissue 2008) is a more specific statute which requires a petitioner seeking a name change to satisfy all of the costs for the proceedings. The pertinent part of § 25-21,273 reads, "All proceedings under sections 25-21,270 to 25-21,272 shall be at the cost of the petitioner or petitioners, for which fee-bill or execution may issue as in civil cases."

[4] Where general and special provisions of statutes are in conflict, the general law yields to the special provision or more specific statute. *Schaffer v. Cass County*, 290 Neb. 892, 863 N.W.2d 143 (2015). In this circumstance, the Legislature has made a specific provision that the cost of name change proceedings is to be borne by the petitioner. The general rule regarding in forma pauperis status yields to this more specific provision.

[5] We conclude that because a petitioner for a name change is statutorily required to pay for the cost of all proceedings, the district court properly denied Pattangall's application to proceed in forma pauperis. Where the record demonstrates that the decision of the trial court is ultimately correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. See *Tyson Fresh Meats v. State*, 270 Neb. 535, 704 N.W.2d 788 (2005).

### CONCLUSION

The district court did not err when it denied Pattangall's application to proceed in forma pauperis.

Affirmed.